**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Raymond RASOR, Defendant-Appellant.**

**No. 78–5749.**

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1979.

Jerome Feldman, Judith A. Halprin, Chicago, Ill., for defendant-appellant.

James R. Gough, John Patrick Smith, George A. Kelt, Jr., Asst. U. S. · Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH, and KRAVITCH, Circuit Judges.

GOLDBERG, Circuit Judge:

█ Government agents obtained a warrant and searched Raymond Rasor's motor home. They found 54 pounds of marijuana. Rasor was subsequently convicted of possession of marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). On appeal Rasor claims, as he did below, that the search was unconstitutional. We agree, and for the reasons that follow, we reverse the judgment of the district court.

Specifically, Rasor argues that the affidavit could not support the issuance of the search warrant because it alleged insufficient facts to establish probable cause for the search. The affiant's belief that the vehicle contained marijuana was based on the following facts, *quoted in their entirety from the affidavit*:

> On April 6, 1978, at approximately 2220 hours, Immigration Inspector Modesto Ramon received an anonymous phone call informing him that a certain 1976 Chevrolet Motor Home, bearing 1978 Illinois license 94–807 R/V and parked in the vicinity of the Fort Brown Motor Hotel, was in possession of an unknown quantity of marihuana. [sic] Inspector Ramon relayed this information to Customs Inspector Thompson who, in turn, relayed it to Customs Patrol Station Supervisor Al Gammon via Customs Communications Sector. The vehicle was located at approximately 2236 hours when continuous surveillance was initiated till the present time. At approximately 1700 hours on April 8, 1978, an individual identified as Raymond RASOR entered said vehicle and moved it to a parking stall adjacent to hotel room which he then entered. Raymond RASOR has been previously arrested for possession of approximately one pound of heroin by agents of the DEA, Chicago, Illinois. DEA intelligence also indicates the RASOR utilizes a motor home to travel between Chicago and the Texas/Mexico border.

On the basis of these facts the magistrate issued the warrant.

█ The affidavit in this case was based in part on an informant's tip. A warrant can properly issue, in such a case, if the affidavit meets the requirements set out by the Supreme Court in *Aguilar v. Texas*, 378

U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *Aguilar* requires that the affidavit contain (1) some of the underlying circumstances on which the informant based his tip and (2) some of the underlying circumstances from which the affiant concluded that the informant was credible or that his information was reliable. *Id.* 84 S.Ct. at 1514. If these requirements are met, the tip by itself can establish probable cause for the search. The affidavit in this case, however, meets neither of the *Aguilar* requirements. The informant gave none of the circumstances on which he based his tip, and since the informant was anonymous, the officers could make no conclusions as to his credibility.

That the affidavit fails to meet the *Aguilar* requirements does not necessarily mean that it is insufficient to support the warrant. *See Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The search warrant may still properly issue if the tip is sufficiently corroborated by independent police investigation. *E. g., United States v. Brand*, 556 F.2d 1312 (5th Cir. 1977). We have said that "an informer's tip may be buttressed either by independent observations substantiating the details of the tip or by independent observations of activity reasonably arousing suspicion itself." *Id.* at 1318. But "[r]egardless of the approach, the tip and the corroboration must constitute probable cause to believe that the object of the search was on the premises to be examined. The information must raise more than a 'reasonable suspicion' in the magistrate's mind." *Id.* Probable cause is defined as a showing of facts "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Gordon*, 580 F.2d 827, 832 (5th Cir. 1978) (quoting *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)).

We are aware that a magistrate's determination of probable cause is entitled to great deference. He is allowed to interpret the affidavit "as a whole in a realistic and commonsense manner," and his determination is "conclusive in the absence of arbitrariness." *United States v. Allen*, 588 F.2d 1100, 1106 (5th Cir. 1979). Nonetheless, this is one case in which we cannot defer to the magistrate's judgment.

In this case none of the independent investigation, the so-called corroboration, actually corroborated the informant's assertion that there was marijuana in the vehicle. Independent investigation did establish that the vehicle described in the tip was located where the informant said. But this information was readily available to many persons. Furthermore, we have held that this type of corroboration, corroboration of innocent details of a tip, is insufficient to establish reasonable suspicion, much less probable cause. *United States v. McLeroy*, 584 F.2d 746 (5th Cir. 1978). Independent investigation also showed that a man drove that vehicle to his hotel. However, there is certainly nothing suspicious in this behavior. And finally, independent investigation showed that this man had been arrested in Chicago for possession of heroin and that he used a motor home to travel between Chicago and the Texas-Mexico border. We certainly cannot conclude that this fact plus the bald assertion of the anonymous informant could warrant a person of reasonable caution in the belief that the vehicle contained marijuana.

Accordingly, we hold that the affidavit was insufficient to support the search warrant and the district court erred in failing to grant the motion to suppress. For this reason, we reverse the judgment of the district court. Since the remaining evidence cannot support a conviction, we direct the district court to enter a judgment of acquittal.

REVERSED and REMANDED WITH DIRECTIONS.