UNITED STATES of America, Plaintiff,

v.

**Robert M. BURKE, III, William Curtis Calloway, Walter Crane, Scott Barry and Richard Stummer, Defendants.**

No. 79–139–CR–EPS.

United States District Court,
S. D. Florida,
Miami Division.

May 5, 1980.

34. *See* W. DeFuniak, *Handbook of Modern Equity* § 25 (1956); H. McClintock, *Equity* § 70 (2d Ed. 1948); D. Dobbs, *Remedies* 52–57 (1973).

Glenn B. Kritzer, Asst. U. S. Atty., Miami, Fla., for plaintiff.

D. A. DePetris, New York City, Sidney Soltz, Miami, Fla., for defendant Crane.

M. H. Bloom, Miami, Fla., for defendant Stummer.

Melvyn Kessler, Miami, Fla., for defendant Barry.

A. B. Stark, Miami, Fla., for defendant Burke.

N. R. Lewis, Miami, Fla., for defendant Calloway.

## MEMORANDUM OPINION AND ORDER ON MOTION TO SUPPRESS

SPELLMAN, District Judge.

This is an appeal by the Government from the report of the United States Magistrate recommending that the evidence obtained by a wire tap against these defendants be suppressed. Without disturbing the findings of fact below, this Court finds that the Magistrate erred in applying the law of this Circuit and holds that the evidence should not be suppressed.

## I. THE FACTS AND PROCEEDINGS BEFORE THE MAGISTRATE

On October 26, 1978, a three-party affidavit signed by police officers Adcock and Schumacher and by Drew Stevenson, the government's confidential informant, was executed. The affidavit was jointly signed by all three affiants, and separated into sections reflecting both the officers' and the informant's sworn statements. Upon application and upon this affidavit, an order was entered by a state court judge authorizing the interception of oral or wire communications of the defendants, on a telephone registered to the mother of defendant Burke. What was overheard based upon this application is the subject of this motion to suppress.

At a hearing on the veracity of the affiants, the Magistrate found that the informant Stevenson knowingly and intentionally included materially false statements in the affidavit. The Magistrate found it unnecessary to determine the veracity of officers Adcock and Schumacher, although both the transcript and written order indicate that he felt they had acted in good faith and were duped by Stevenson. His failure to make such a finding was in error, since the case of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1977) and all subsequent cases indicate that it is the veracity of the affiant and not the confidential informant that may be questioned in challenging the validity of an affidavit used to support a finding of probable cause. 438 U.S. at 171, 98 S.Ct. at 2684; *United States v. Metz*, 608 F.2d 147, 155 (5th Cir. 1979); *United States v. Axselle*, 604 F.2d 1330, 1336–8 (10th Cir. 1979); *United States v. Barnes*, 604 F.2d 121, 152–3 (2d Cir. 1979); *United States v. Edwards*, 602 F.2d 458, 464–5 (1st Cir. 1979). The rationale of this rule would apply if the discredited confidential informant is also a co-affiant and his portion of the affidavit could be stricken. If the remaining portion of the affidavit still established probable

cause, the veracity of the co-affiants would also have to be successfully challenged to overturn a finding of probable cause. *See United States v. Farese*, 612 F.2d 1376, 1377 (5th Cir. 1980); *United States v. Barnes, supra.*

■ This Court in light of the Fifth Circuit's opinion in *United States v. Marshall*, 609 F.2d 152 (5th Cir. 1980), reheard the testimony of officers Adcock and Schumacher and concludes that they proceeded in good faith, and that defendants have not established deliberate falsehood or reckless disregard for the truth in these officers' affidavits by a preponderance of the evidence as *Franks* requires. 438 U.S. at 155–56, 98 S.Ct. at 2676–77.[1]

Therefore, the Court now considers whether the remaining portions of the joint affidavit state probable cause under the standards established by the Supreme Court and the Fifth Circuit Court of Appeals.

## II. THE CREDIBILITY AND RELIABILITY OF THE INFORMANT AND HIS INFORMATION IN THE EXPURGATED AFFIDAVIT

The Court must now determine whether the expurgated affidavit contained sufficient underlying circumstances from which the informant drew the conclusions he presented the officers, and some of the underlying circumstances from which the officers concluded that Stevenson was "credible" and that the information he provided was "reliable". *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964); *United States v. Farese, supra.* A further question to be addressed in Part III of this opinion is whether the purged affidavit establishes probable cause to support the authorization of the wire tap.

■ The first requirement under the *Aguilar* test that an informant's hearsay statement must pass to be credited in supplying probable cause, is that the information supplied was obtained in a "reliable"

way. The affidavits of Schumacher and Adcock clearly indicate that Stevenson told him he was personally privy to the conversations and operations of Burke and his associates. It is also clear from the affidavits that all the information provided by Stevenson came from his own personal observations. It is well established that personal observation is sufficient to determine that the information was gathered in a "reliable" way. *United States v. Harris*, 403 U.S. 573, 579, 91 S.Ct. 2075, 2079, 29 L.Ed.2d 723 (1971); *United States v. Martin*, 615 F.2d 318 at 323 (5th Cir. 1980); *United States v. Williams*, 603 F.2d 1168, 1171 (5th Cir. 1979); *United States v. Tucker*, 526 F.2d 279, 281 (5th Cir. 1976). This averment when viewed with the detailed account of Burke's previous dealings and projected ones, reasonably afforded the state judge an ample basis to conclude that the informant's knowledge was based on first-hand knowledge and not on hearsay or rumor. *United States v. Farese*, 612 F.2d at 1378.

■ The second requirement under *Aguilar* is that the affidavit disclose some of the underlying circumstances from which the officer concluded that the informant was "credible" and his information "reliable". There is sufficient evidence of corroboration by police reflected in the officers' affidavits so that the state judge could have reasonably concluded that Stevenson was a "reliable" informant. The co-affiant officers were originally put in contact with Stevenson because of an incident involving a supposed marijuana "rip-off". A check of the informant's background showed no criminal record. Stevenson provided them with information about drug deals involving Burke and his associates as well as about two other transactions not involving Burke. According to the affidavit, the information had been verified by the officers through their own investigations, surveil-

1. The Court has stricken the statements concerning Anthony Lewis a/k/a Lewis A. Azar as containing material omissions made with reck-

less disregard for the truth, however, the Court finds this omission does not taint the remainder of the affidavit.

lance and the investigation of other law enforcement officials.[2]

The fact that the informant had given information about Burke that had been corroborated by police is the most direct way of establishing the credibility of the information they reported in the affidavit. *United States v. Harris*, 403 U.S. at 581, 91 S.Ct. at 2080; *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960); *United States v. Martin, supra* (at 324); *United States v. Williams, supra* at 1172. In addition, the informant provided reliable information about drug activities involving persons other than Burke, which the police also corroborated.

Finally, police corroborated the fact that several of the individuals named by the informant as members of the conspiracy frequented the premises, and that through the installation of a "pen register decoder" that Burke contacted defendant Calloway, known to the affiant officers as having an extensive drug record and with whom the informant alleged Burke had numerous conversations relating to the conspiracy alleged in the indictment. The corroboration of these details also bolsters the reliability of the informant, although it does not go to establishing probable cause. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *United States v. Ashley*, 569 F.2d 975, 982 (5th Cir. 1978).

■ Based on the corroboration evidenced in the purged affidavit, this Court finds that the affidavit supplied the state judge with the underlying circumstances from which the officers concluded that the informant was "credible" and his information was "reliable".

## III. THE PURGED AFFIDAVIT ESTABLISHES PROBABLE CAUSE

This Court need not base its upholding of the probable cause determination solely on the hearsay of the informant. The officers had independently checked Burke's background and found a conviction for wire fraud.[3] The officers had also conducted surveillance of the Burke house and stated they had suspected that drug-related activity was ongoing there, and had also identified several persons with drug backgrounds frequenting the premises. In addition, the affiants attached a "pen register decoder" device to the phone in Burke's house by order of the United States Magistrate, and that device recorded several numbers of individuals suspected of drug activities or who had been or were under investigation for drug-related crimes.

When viewed with the informant's information as reflected in the Schumacher and Adcock portions of the affidavit and that of Stevenson which was incorporated therein,[4] and that which was already corroborated by police,[5] probable cause was clearly established to support the authorization of the interception of oral or wire communications of the phone in question, either under *Aguilar*, or based upon both the hearsay infor-

---

2. In *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), the affiant stated that the same information had been supplied by "other sources of information." The Supreme Court credited that statement in upholding the probable cause determination. *Id.* at 271, 80 S.Ct. at 736. This unnamed source was noted by Chief Justice Burger in *United States v. Harris*, 403 U.S. 573, 581, 91 S.Ct. 2075, 2080, 29 L.Ed.2d 723 (1971) while discussing the continued viability of the *Jones* case after *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Unlike *Jones*, our affiants stated that the corroboration came from their own surveillance, investigation and that of other government agencies.

3. In *United States v. Farese*, the Fifth Circuit recently stated that a criminal record is a rele-

vant factor in a finding of probable cause. 612 F.2d at 1179 & n. 5.

4. The Court incorporated all those paragraphs of Stevenson's affidavit which were specifically mentioned in the officers' affidavit and all those sections which dealt with the telephone calls allegedly made which were also mentioned in the Schumacher-Adcock affidavit.

5. The affidavit indicates that these were not minor or innocent details as defendants have asserted, therefore, the cases they rely on, *United States v. Rasor*, 599 F.2d 1330 (5th Cir. 1979), and *United States v. McLeroy*, 584 F.2d 746 (5th Cir. 1978) are distinguishable from this case.

mation and details independently corroborated by police. *Draper v. United States, supra; United States v. Martin, supra,* at 324; *United States v. Ashley, supra* at 981.

For the aforementioned reasons, the Report and Recommendation of the Magistrate is not adopted, and the motion to suppress is DENIED.