Fredrick Allen KNIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00461–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 22, 1991.

Bob Tarrant, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., and Timothy G. Taft, Cindy Marshall, Harris County Asst. Dist. Attys., for appellee.

Before WILSON, COHEN and PRICE,* JJ.

## OPINION

WILSON, Justice.

After the trial court denied his motion to suppress evidence, appellant pled guilty to the offense of possession of less than 28 grams of methamphetamine. The trial court assessed punishment at a $1000 fine and six years probation, according to a plea agreement. We affirm.

On April 21, 1989, appellant was arrested at his residence by members of the Houston Police Department Narcotics Division. Executing a search warrant at the premises, the police found a small quantity of methamphetamine. The application for the search warrant was supported by the affidavit of Officer E.G. Chance. Chance's affidavit for the search warrant was based on information he obtained through an informant, who was anonymous even to Chance.

Appellant, in his sole point of error, contends the trial court erred in overruling his amended motion to suppress the methamphetamine. He argues the affidavit does not state sufficient probable cause to believe a controlled substance would be found inside appellant's apartment at the time the warrant issued. Appellant argues the affidavit contained mere conclusory statements based on the informant's telephone call, there were no facts alleged that corroborated the informant's statements, and the informant's credibility was not established.

In the affidavit, Officer Chance set forth the information he received from the informant, and how he verified this information. The informant stated he knew appellant, gave a description of appellant, provided appellant's address, and described appellant's car. The informant told Chance that within 24 hours before placing a telephone call to Chance on April 19, 1989, the informant had been at appellant's apartment and observed appellant in possession of a quantity of methamphetamine. During this meeting, appellant told the informant he intended to sell the methamphetamine and showed the informant a large amount of U.S. currency, which appellant said he had made selling methamphetamine. On April 21, 1989, the informant again called Chance and advised him that he had spoken with appellant by phone. Appellant told the informant that he had just made a new purchase of methamphetamine, and asked the informant if he knew anyone interested in making a purchase.

Between April 19 and April 21, Officer Chance verified the following items of information by personal observation and investigation: (1) appellant's apartment was located as described by the informant; (2) a vehicle that matched the description given by the informant of the appellant's vehicle was located nearby; (3) the vehicle was registered to appellant at the address given by the informant; (4) a person matching the physical description of appellant was observed inside the apartment; (5) the same person was observed leaving the apartment and entering the described vehicle; (6) appellant had been "arrested on numerous occasions," including three arrests for dangerous drugs, one of which resulted in a conviction; and (7) R.R. Hulett, another narcotics officer, had previously received information from an anonymous informant that appellant "was selling methamphetamine from his apartment (at the same location)," and Hulett "had conducted surveillance at the location on several different occasions and *verified the information* ... and [Hulett] had observed several ... males go into the apartment and stay a short period of time and leave the location." (Emphasis added.)

Under the United States and Texas Constitutions, a search warrant may not issue unless it is based upon probable cause. U.S. CONST. amend. IV; TEX. CONST. art. I, sec. 9. Under the Texas Code of Criminal Procedure, an affidavit supporting the ap-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

plication for a search warrant must be filed, and must set forth sufficient facts that establish:

> (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place or thing to be searched.

TEX.CODE CRIM.P.ANN. art. 18.01(c) (Vernon Supp.1991); *Tolentino v. State,* 638 S.W.2d 499, 501 (Tex.Crim.App.1982).

In *Illinois v. Gates,* 462 U.S. 213, 239–40, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983), the United States Supreme Court adopted the "totality of the circumstances" approach for determining whether probable cause exists for issuance of a search warrant, rejecting the narrower "two-prong test" used under *Aguilar.*[1] The Supreme Court held:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Gates,* 462 U.S. at 239, 103 S.Ct. at 2332. Thus, the Supreme Court states that while the informant's veracity, reliability, and basis of knowledge are highly relevant, these elements are not entirely separate and independent requirements for each case. *Id.* at 231, 103 S.Ct. at 2328. Relying on information received from an informant is acceptable "so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge."

*Id.* at 242, 103 S.Ct. at 2334. But, there must be some indicia of reliability of the tip. *Id.* at 233, 103 S.Ct. at 2329. "Under this totality of the circumstances test, the magistrate's "determination of probable cause should be paid great deference by the reviewing courts." *Id.* at 236, 103 S.Ct. at 2331 (quoting *Spinelli,* 393 U.S. at 419, 89 S.Ct. at 590); *Massachusetts v. Upton,* 466 U.S. 727, 734, 104 S.Ct. 2085, 2088, 80 L.Ed.2d 721 (1984).

■ Appellant argues that Officer Chance's affidavit fails to state probable cause because the information received from the informant was not corroborated by any incriminating detail, but that only innocent facts were corroborated. Appellant is correct in his assertion that corroboration of public facts alone will not suffice to establish the reliability of an anonymous informant whose credibility is unknown. *United States v. Smith,* 598 F.2d 936, 940 (5th Cir.1979). However, the search warrant may properly issue if the tip is sufficiently corroborated by independent police investigation, and in viewing the totality of the circumstances, there exists enough information to raise more than a reasonable suspicion of criminal activity in the mind of the magistrate. *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332; *United States v. Rasor,* 599 F.2d 1330, 1332 (5th Cir.1979). Appellant cites *Rasor* in support of his position that there was insufficient corroboration of the statement given by the anonymous informant. In *Rasor,* the affidavit set forth details, based on information received from an anonymous informant, regarding the make, year, license number, and whereabouts of a motor home to be used in an illegal drug transaction. *Rasor,* 599 F.2d at 1331. Officers conducted a surveillance of the motor home, and observed Rasor enter and drive it to his hotel. *Id.* Officers discovered that Rasor previously had been arrested for possession of heroin. *Id.* Further, DEA intelligence indicated that Rasor utilized a motor home to travel be-

---

1. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1962) (test was whether the affidavit (1) revealed the informant's basis of knowledge; and (2) provided sufficient facts to establish either the informant's veracity or the reliability of the informant's report); *see also Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

tween Chicago and the Texas/Mexico border. *Id.* Based on the information in this affidavit, the magistrate issued a search warrant, and police searched the motor home. *Id.* The court stated that although independent investigation showed that Rasor drove the vehicle to his hotel, there was nothing suspicious in this behavior. *Id.*

The information from the anonymous informant here was better than that in *Rasor* in several respects: (1) the informant here had been inside the apartment recently; had seen the drugs two days prior to the issuance of the search warrant; and had talked to appellant twice about the drugs, once being the same day the search warrant was issued. In *Rasor*, the informant stated no underlying facts supporting his tip. He just declared that drugs were in Rasor's vehicle. The informant's basis of knowledge here is also better than in *Gates*, where the anonymous letter gave "absolutely no indication of the basis for the writer's predictions regarding the Gateses' criminal activities." 462 U.S. at 227, 103 S.Ct. at 2326. (2) In *Rasor*, other officers knew that Rasor drove his vehicle to the Texas/Mexico border and back. Here, another officer (Hulett) had "verified the information," given in an earlier anonymous tip, that appellant "was selling methamphetamine from his apartment," at some unstated earlier time, i.e., Hulett verified that appellant had previously sold the same controlled substance, at the same location. This is more incriminating than traveling to the Texas border. (3) Appellant had "numerous" prior arrests, including three arrests and one conviction for drug crimes, indicating a pattern of activity, whereas Rasor had one prior arrest. It is true, as appellant contends, that Officer Chance's affidavit said nothing showing the anonymous informant's veracity, but veracity, although relevant, is not to be singled out as the deciding factor. *Gates*, 462 U.S. at 230–33, 103 S.Ct. at 2328–30; *Eatmon v. State*, 738 S.W.2d 723, 724 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). We conclude that the informant's "basis of knowledge" was better here than in *Rasor* or *Gates*, and the "reliability" of his information was corroborated by independent investigation to a more certain extent here than in *Rasor*.

While a conscientious assessment of the basis for crediting such tips is required under the fourth amendment, a standard that leaves virtually no place for anonymous citizen informants is not. *Gates*, 462 U.S. at 239, 103 S.Ct. at 2332. Accordingly, we conclude that the informant's basis of information contained in his tip, combined with the independent corroboration, especially of appellant's prior criminal record and his prior methamphetamine sales from the same location, were enough to overcome the fact that the anonymous informant's veracity was unknown. This gave the magistrate a substantial basis to believe that methamphetamine was then located at appellant's apartment.

The point of error is overruled.

The judgment is affirmed.