TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00076-CR






Kenneth Dawndray Herrod, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. 321050022, HONORABLE JACK H. ROBISON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 A jury convicted appellant Kennith Dawndray Herrod of the offenses of possession
of a controlled substance and possession of marihuana. See Tex. Health & Safety Code Ann.
§§ 481.115, .121 (West 2010). The district court assessed a two-year suspended prison sentence and
placed Herrod on community supervision for five years. In a single issue, Herrod argues that the
district court erred by overruling his pretrial motion to suppress evidence obtained pursuant to a
search of his residence. He argues that the affidavit underlying the search and arrest warrant did not
create a substantial basis for concluding that marihuana would be found at the premises. We will
affirm the judgment of conviction.


Standard of Review

 We review a trial court's ruling on a motion to suppress evidence under a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's denial of a motion to suppress
is reviewed for abuse of discretion, Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999), but
when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we apply
a de novo standard of review. Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).


Sufficiency of the Search Warrant

 Herrod argues that the affidavit underlying the search and arrest warrant does not
create a substantial basis for concluding that marihuana would be found at the premises. In one
issue, Herrod advances two complaints: (1) the facts recited in the affidavit are too imprecise and
disjointed to demonstrate probable cause for issuing the search warrant, and (2) the affidavit does
not show that the confidential informant is reliable.

 Probable cause to support the issuance of a search warrant exists when the facts
submitted to the magistrate are sufficient to justify a conclusion that the object of the search is
probably on the premises to be searched at the time the warrant is issued. Rodriguez v. State,
232 S.W.3d 55, 60 (Tex. Crim. App. 2007); Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App.
1986). Neither federal nor Texas law defines precisely what degree of probability suffices to
establish probable cause, but that probability cannot be based on mere conclusory statements of an
affiant's belief. Rodriguez, 232 S.W.3d at 61. The sufficiency of the affidavit is determined by
considering the totality of the circumstances set forth within the four corners of the document. 
Illinois v. Gates, 462 U.S. 213, 238 (1983); Bradley v. State, 966 S.W.2d 871, 873
(Tex. App.--Austin 1998, no pet.). The affidavit must be interpreted in a common sense and
realistic manner, recognizing that reasonable inferences may be drawn from the affidavit. Rodriguez,
232 S.W.3d at 61; Hedspeth v. State, 249 S.W.3d 732, 737 (Tex. App.--Austin 2008, pet. ref'd). 
The test is whether there are sufficient facts, coupled with inferences from those facts, to establish
a "fair probability" that the object of the search would be found on the premises to be searched at
the time the warrant is issued. Gates, 462 U.S. at 238; Cassias, 719 S.W.2d at 587. The issuing
magistrate's determination of probable cause must be given great deference and will be sustained
if the magistrate had a substantial basis for concluding that probable cause was shown. Gates,
462 U.S. at 236-37; Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). When in
doubt, we defer to all reasonable inferences that the magistrate could have made. Rodriguez,
232 S.W.3d at 61.

 In this case the affiant, a member of the Hays County Narcotics Task Force, believing
that Herrod was supplying marihuana to dealers, sought a warrant to search Herrod's apartment. The
affidavit for the search and arrest warrant stated that a confidential informant advised affiant that
someone he purchased marihuana from (referred to in the affidavit as the "original suspect") often
had to go get marihuana from a supplier. Seeking to discover the identity of the supplier, the affiant,
an experienced narcotics officer, orchestrated a controlled buy of marihuana during which the
confidential informant sought to purchase marihuana from the "original suspect." To initiate the
controlled buy, the confidential informant contacted the original suspect and asked to
purchase marihuana.

 According to the confidential informant, the original suspect stated that he had no
marihuana to sell, but would go get some. The affiant and other members of the Hays County
Narcotics Task Force had been conducting surveillance of the original suspect's residence in
anticipation that the original suspect would lead them to his supplier. One of the detectives
conducting the surveillance, known to be a peace officer who had provided true and reliable
information in the past, advised the affiant that he observed the original suspect leave his residence
and travel to 707 Brace Wood Circle in San Marcos. The detective told the affiant that the original
suspect did not stop anywhere on his way to that location, that he entered apartment H of the building
located at that address, stayed inside a few minutes, and returned directly to his residence. The
confidential informant then purchased marihuana from the original suspect.

 Before the confidential informant went to complete the purchase of marihuana from
the original suspect, the affiant searched him for contraband and found none. The affiant and other
detectives observed the confidential informant go directly to the original suspect's residence, where
he remained for approximately two minutes before meeting the affiant at a predetermined location. 
According to the affiant, the confidential informant made no stops on his way to the meeting spot. 
There, the confidential informant provided the affiant with marihuana he purchased from the original
suspect. The confidential informant stated that he did not see any other marihuana in the original
suspect's possession and that the original suspect advised him he had gone to pick up marihuana
from his supplier.

 The next week, affiant conducted surveillance of 707 Brace Wood Circle apartment
H for two hours. During that time he observed activity at the apartment he averred was consistent
with drug dealing. Specifically, affiant observed what he characterized as "common drug traffic
where persons arrive, meet with a suspect and leave a short time later." The affidavit details the
affiant's observations. Affiant was advised by a Harris County Narcotics Task Force analyst that
appellant Herrod was the utility subscriber for that address.

 In the 72 hours preceding affiant's seeking a search warrant, affiant orchestrated a
second controlled buy carried out in the same manner as the previous one. Prior to initiating the buy,
affiant observed a man matching Herrod's description at 707 Brace Wood Circle apartment H. The
same sequence of events set forth above occurred the second time, but this time, the detectives
conducting surveillance observed the original suspect meeting with Herrod. After the meeting, the 
original suspect had marihuana to sell to the confidential informant. Again, the confidential
informant stated that he did not see any additional marihuana at the original suspect's residence.

 Based on the events and observations set forth in the affidavit, affiant stated his belief
that probable cause existed that the original suspect received marihuana from Herrod at 707
apartment H, Brace Wood Circle in San Marcos. Affiant further stated his belief that probable cause
existed that marihuana was being sold by Herrod from that location, and that additional amounts of
marihuana were being held at that location.

 Arguing that the affidavit was insufficient to support a finding of probable cause,
Herrod filed a motion to suppress. At the hearing, the district court determined that there was
probable cause to support the issuance of the warrant and, accordingly, denied Herrod's motion. 

 We consider whether a reasonable reading of the facts stated in the affidavit, along
with any reasonable inferences drawn from those facts, would lead the magistrate to conclude that,
considering the totality of the circumstances, there was a "fair probability" that the object of the
search, in this case marihuana, would be found at Herrod's apartment. See Gates, 462 U.S. at 238;
Hedspeth, 249 S.W.3d at 737. Herrod complains that the affidavit does not provide a time frame for
the events described, rendering the affidavit "too disjointed and imprecise to warrant a man of
reasonable caution" to believe that marihuana would be found at Herrod's residence on the date of
the search. We disagree. While the affidavit does not indicate the precise time that each of the
events constituting the controlled buys occurred, it is reasonable to infer that they occurred at least
on the same day. Herrod complains that the absence of evidence that the events occurred in a tight
time frame fails to exclude the possibility that someone else visited the original suspect's home and
provided him with the marihuana he sold to the confidential informant, or that he had quantities of
marihuana at his house the whole time, but concealed that fact from the confidential informant to
avoid "all manner of trouble." However, the facts stated in the affidavit are not required to exclude
every possibility except that the object to be searched for is at the specified location. Rather, the test
is whether the facts, coupled with inferences from those facts, establish a "fair probability" that
evidence of a particular crime will be found there. Rodriguez, 232 S.W.3d at 62. In the present case,
the affidavit stated that the original suspect did not have marihuana to sell to the confidential
informant before he went to Herrod's apartment, but that after he was observed going directly to
Herrod's apartment, staying for a few minutes, and returning directly to his residence, he had
marihuana to sell. It is not unreasonable to infer from these facts that the original suspect obtained
marihuana from Herrod. This inference is bolstered by the fact that the same sequence of events
occurred during the second controlled buy, as well as by the affiant's observations of activity
consistent with "common drug traffic" at the apartment.

 Herrod also complains that the affidavit does not demonstrate probable cause because
it fails to establish the confidential informant's reliability. The affidavit states that "in the past, this
[confidential informant] has provided information that has led to the seizure of narcotics." Herrod
argues that the affidavit does not state that the confidential informant is "reliable," but at best
shows that, on one occasion, the confidential informant's information has led to the seizure of
narcotics. However, the absence of an averment of previous reliability is not fatal to the affidavit. 
See Adair v. State, 482 S.W.2d 247, 250 (Tex. Crim. App. 1972) (citing United States v. Harris,
403 U.S. 573 (1971)). Instead, the inquiry in determining probable cause is whether the informer's
present information is truthful and reliable. Id. While a confidential informant's veracity, reliability,
and basis of knowledge are highly relevant, they are not separate and independent requirements in
every case. See Illinois v. Gates, 462 U.S. 213, 231 (1983). Relying on information supplied by an
informant is acceptable "so long as the informant's statement is reasonably corroborated by other
matters within the officer's knowledge." Id. at 243. A search warrant may issue if a tip is
sufficiently corroborated by independent police investigation, and if, viewing the totality of the
circumstances, there exists enough information to raise more than a reasonable suspicion of criminal
activity. Knight v. State, 814 S.W.2d 545, 547 (Tex. App.--Houston [1st Dist.] 1991, no pet.)
(citing United States v. Smith, 598 F.2d 936, 940 (5th Cir. 1979)).

 In this case, the search warrant was not issued based solely upon the information
supplied by the confidential informant. Rather, the search warrant was issued based on both the
confidential informant's statements and the personal knowledge of the affiant who conducted
surveillance both of the controlled buys and of Herrod's apartment. The information provided by
the confidential informant in this case was that "it was common for [the original suspect] to have to
go get marihuana from a supplier in order to sell" and that the original suspect told him that he "did
not have marihuana to sell, but would go pick up more." The confidential informant did not identify
Herrod as the supplier. Rather, the confidential informant's tip caused the affiant to set up the two
controlled buys during which he observed activities that caused him to believe that Herrod was the
original suspect's supplier and to believe that Herrod kept marihuana at his apartment. The affiant
also observed activity at the apartment consistent with "common drug traffic."

 Based on the totality of the circumstances set forth in the four corners of the
affidavit--including the information provided by the confidential informant, the observations made
by the police during the two controlled buys, and the activity observed during the police
surveillance--and affording "great deference" to the issuing magistrate's determination of probable
cause, we find that the magistrate had a substantial basis for concluding that marihuana would
probably be found during a search of Herrod's apartment. The district court acted within its
discretion in denying Herrod's motion to supress. See Gates, 462 U.S. at 236-37; Carmouche,
10 S.W.3d at 327. Herrod's issue is overruled, and the judgment of conviction is affirmed.


 _____________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 31, 2010

Do Not Publish