

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00232-CR

---

RHOSTON ODELL YOUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 11738, Honorable Phil Vanderpool, Presiding

---

January 27, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Rhoston Odell Young, was charged with second degree manufacture or delivery of a controlled substance, enhanced.[1]  Following the denial of his motion to suppress, he entered into a plea agreement for four years deferred adjudication and a fine of $1,000.  By a sole issue, he questions whether the facts submitted to the magistrate in the supporting affidavits for two search warrants were sufficient to justify a conclusion

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(c); TEX. PENAL CODE ANN. § 12.42(b).

that the object of the searches was probably on the premises at the time the warrants were issued.[2]  We affirm.

## BACKGROUND

Based on a tip from a confidential informant that Appellant was selling narcotics from his residence, Pampa Police arranged a controlled buy using an informant.  After the controlled buy was completed, Officer Abrahim executed an affidavit to obtain a search warrant for Appellant's residence.  The affidavit provides, in part, as follows:

> It is the belief of affiant that the following described property is at said suspected place: white crystal-like substance believed to be methamphetamine including but not limited to scales, pipes, plastic baggies and other drug paraphernalia.  . . .
>
> Affiant has probable cause for said belief by reason of the following facts and circumstances: On Friday, January 25, 2020 Confidential Informant 20-01 herein further named as CI-20-01 purchased 1.4 grams of a white crystal-like substance that later tested positive for methamphetamine . . . . The money used to purchase the narcotics by CI-20-01 was provided by the Pampa Police Department on today's date.  The CI-20-01 was in view of Pampa Police Officers beginning from the time the CI was issued the money, to the suspected house and upon delivery of the narcotics back to the Pampa Police Officers.
>
> Affiant requests authorization to enter the suspected place and premises without first knocking and announcing the presence and purpose of officers executing the warrant sought herein.  As my reasons to believe that such knocking and announcing would be dangerous, futile, or would inhibit the effective investigation . . . affiant submits the following facts and circumstances that [a] person who distributes and sells methamphetamines [is] known to have and display weapons such as firearms, knives, blunt objects that could be used against officers if they were made to knock and announce their presence prior to entry.

---

[2] In its brief, the State agrees with the law as set out in Appellant's brief but disagrees with the application of the law to the facts.  The State, however, merely presents a very brief "legal analysis" without any citation to any legal authority.  *See* TEX. R. APP. P. 38.2(a)(1) (requiring appellee's brief to provide an index of authorities and "appropriate citations to authorities" pursuant to Rule 38.1(c), and (i)).

A search warrant was issued on January 25, 2020, and executed during the evening hours that same date. According to Officer Abrahim's inventory, the search led to seizure of a .38 revolver, 1.4 grams of a white crystal-like substance, drug paraphernalia, baggies, pipes, scale, a smartphone, one white capsule-shaped pill weighing 0.4 grams, and $237.00.

Two days later, on January 27, 2020, Officer Brandon Williams executed an affidavit for a warrant to search the smartphone found in Appellant's residence. The affidavit provides, in part, as follows:

> A cellular device, namely, an LG Model: LML414DL "Premiere Pro LTE," Serial Number: 904VTEY409548, IMEI NUMBER: 357150094095488, which has a black display screen and is black in color. Said property was collected from the residence of [Appellant] during a search warrant conducted at his residence. From my training and experience, I know that electronic devices are capable of storing electronic communications. . . .

> It is the belief of affiant that said suspected party has possession of and is concealing in said suspected device the following property: Electronically stored communications relating to the sale and distribution of illegal narcotics. Said property constitutes evidence that the offense of Manufacturing/Delivering a Controlled Substance as described in Paragraph IV, below, was committed and that said suspected party committed the offense described.

The affidavit continued as follows:

> During the execution of the search warrant, the suspect's phone was repeatedly ringing. From my training and experience I know that narcotics dealers use cellular devices to coordinate the sale of their illegal narcotics. It is my belief that [Appellant] has evidence of illegal narcotics sales stored within the suspected device.

A warrant was issued and executed on the smartphone that afternoon.

After Appellant was charged, he filed a motion to suppress alleging violations of his constitutional and statutory rights. He requested suppression of "[a]ny and all

3

evidence seized" . . . any testimony by Pampa Police, and "[a]ll wire, oral, or electronic communications intercepted . . . and all evidence derived from said communications." The trial court denied the motion after a brief hearing at which both officers testified. No findings of fact and conclusions of law were requested.

## STANDARD OF REVIEW

Ordinarily, a trial court's ruling on a motion to suppress is reviewed under a "bifurcated standard of review." *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). However, when reviewing a magistrate's decision to issue a warrant, appellate courts apply a highly deferential standard of review because of the constitutional preference for searches conducted pursuant to a warrant over warrantless searches. *State v. McLain*, 337 S.W.3d 268, 271–72 (Tex. Crim. App. 2011). Under the Fourth Amendment, an affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit and the reasonable inferences it supports, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). A defendant seeking suppression of evidence obtained pursuant to a search warrant must prove by a preponderance that the evidence was obtained in violation of the Fourth Amendment. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *State v. Huynh*, 683 S.W.3d 803, 814 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

A reviewing court's duty is simply to ensure the magistrate had a substantial basis for concluding that probable cause existed. *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011). Reviewing courts must give great deference to a magistrate's probable

4

cause determination, including a magistrate's implicit finding. *McLain*, 337 S.W.3d at 271–72.

When ruling on a motion to suppress evidence obtained pursuant to a search warrant, a trial court is limited to the four corners of the warrant and affidavit supporting the warrant. *Id.* at 271. The affidavit is interpreted in a non-technical, commonsense manner drawing reasonable inferences solely from the facts and circumstances contained within the four corners of the affidavit. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). "When in doubt, we defer to all reasonable inferences that the magistrate could have made" that are supported by the record. *Id.* Where, as here, the trial court did not enter findings of fact, we must uphold the trial court's ruling on any theory of law applicable to the case and presume the court made implicit findings in support of its ruling if the record supports those findings. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).

### APPLICABLE LAW

Under the Fourth Amendment to the United States Constitution, a warrant may issue only on a showing of probable cause. *Bonds*, 403 S.W.3d at 872–73 (citing U.S. CONST. amend IV). Probable cause exists when, "under the totality of the circumstances, there is a fair probability or substantial chance that contraband or evidence of a crime will be found at the specified location. It is a flexible and nondemanding standard." *State v. Baldwin*, 664 S.W.3d 122, 130 (Tex. Crim. App. 2022).

To justify the issuance of a search warrant, the sworn affidavit filed with the request must set forth facts indicating why evidence of an illegal activity will be found in a particular

place.  *Garza v. State*, No. 13-16-00476-CR, 2019 Tex. App. LEXIS 605, at \*3 (Tex. App.—Corpus Christi Jan. 31, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *U.S. v. Bass*, 785 F.3d 1043, 1049 (6th Cir. 2015) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)).  The affidavit must show a nexus among the criminal activity, the thing to be seized, and the place to be searched.  *Bonds*, 403 S.W.3d at 874.

The Fourth Amendment is satisfied when an affidavit recites sufficient facts to show that (1) a specific offense has been committed, (2) the property or items to be searched for or seized constitute or contain evidence of the offense or evidence that a particular person committed it, and (3) the evidence sought is located at or within the thing to be searched.  TEX. CODE CRIM. PROC. ANN. art. 18.01(c); *Roberts v. State*, Nos. 07-16-00165-CR, 07-16-00166-CR, 2018 Tex. App. LEXIS 1804, at \*14–15 (Tex. App.—Amarillo March 9, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Sims v. State*, 526 S.W.3d 638, 645 (Tex. App.—Texarkana 2017, no pet.)).

## ANALYSIS

Appellant contends the search warrants for the residence and cell phone were invalid based on insufficient affidavits.  He contends the facts submitted to the magistrate were insufficient to justify a conclusion that the object of the search was probably on the premises at the time the warrant for the residence was issued.  We disagree.

At the suppression hearing, defense counsel argued the affidavits in support of the search warrants were based on conclusory statements. She also challenged the trustworthiness of the confidential informant.[3]

**Affidavit to Support Search Warrant for Residence**

Officer Abrahim testified he was trained in drug interdiction and had specialized training in managing informants.[4] He testified background checks are conducted on confidential informants and he believed his informant was credible. The informant, who had been vetted by the Pampa Police Department, came forward with a tip that Appellant was selling narcotics at his residence. Although Officer Abrahim did not include any information in his affidavit on the informant's trustworthiness, he testified the informant was in view of police officers when the buy money was issued, when he entered the suspect's residence, and on delivery of the narcotics to police. The circumstances of a controlled buy, standing alone, may be sufficient to provide probable cause even if the affidavit did not contain information about an informant's credibility. *Salazar v. State*, 806 S.W.2d 291, 293–94 (Tex. App.—Amarillo 1991, no pet.) (concluding under the circumstances that lack of boiler plate language in affidavit on informant's reliability and trustworthiness was not fatal to issuance of a search warrant). Evidence of an informant's credibility is not a separate requirement in every case, but a factor to be considered in the "totality of circumstances" test. *Morgan v. State*, No. 07-16-00457-CR, 2018 Tex. App. LEXIS 4921, at *9 (Tex. App.—Amarillo June 29, 2018, no pet.) (mem. op., not designated

---

[3] The trial court was permitted to consider the four corners of the affidavits and the additional facts adduced at the suppression hearing. *See Bonds*, 403 S.W.3d at 876.

[4] During cross-examination, he testified he had four years' experience but confirmed he had attended only one class prior to execution of the warrants.

for publication) (citing *Knight v. State*, 814 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1991, no pet.)).

The facts set forth in Officer Abrahim's affidavit indicated why evidence of illegal activity would be found at Appellant's residence. We conclude the officer's affidavit provided a nexus between criminal activity and the place to be searched and was sufficient to support the magistrate's finding of probable cause to issue a search warrant.

**Affidavit to Support Search Warrant for Phone**

Officer Williams testified he was trained in digital forensics and how to extract data from cell phones. He conducted a forensic extraction of data from Appellant's cell phone. He testified he found "probably 400 or more items of evidentiary value [including] conversations where multiple people were asking him for narcotics. He was giving prices, et cetera. Just the typical drug lingo." During cross-examination, he was asked whether the repeated ringing of Appellant's phone during the search of the residence was the only reason for requesting a warrant for the phone. He responded the constant ringing was abnormal and "typical of illegal narcotics sales" and added that he requested a search warrant in response to the illegal narcotics found in the residence and the close proximity of the currency to the narcotics.

Boilerplate language in an affidavit for the search of a cell phone may be used "but to support probable cause, the language must be coupled with other facts and reasonable inferences that establish a nexus between the device and the offense." *Baldwin*, 664 S.W.3d at 123. Officer Williams's affidavit included facts and reasonable inferences such as the irregularity of the constant ringing of the cell phone and the earlier discovery of

8

illegal narcotics, contraband, and cash. His affidavit set forth his belief that Appellant allegedly committed manufacture or delivery of a controlled substance. Those facts satisfy the requirements for an affidavit as set forth in article 18.01(c) of the Code of Criminal Procedure.

Reviewing the affidavits under the totality of the circumstances, we find they each recited facts sufficient to justify a conclusion that the object of each search was probably within the scope of the requested search at the time each warrant was issued. *See Sims*, 526 S.W.3d at 644. Our review ensures the magistrate had a substantial basis for concluding probable cause to issue the search warrants existed. Also, based on the totality of the circumstances, we cannot say the trial court's denial of Appellant's motion to suppress is unsupported by the record. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's *Order of Deferred Adjudication* is affirmed.

Alex Yarbrough
Justice

Do not publish.

9