Opinion issued March 27, 2003.




     







In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00643-CR




MATTHEW FORD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th Criminal District Court
Harris County, Texas
Trial Court Cause No. 886798




MEMORANDUM OPINION

          Appellant, Matthew Ford, was charged with the felony offense of possession
of a controlled substance, codeine, weighing at least 400 grams. Before trial,
appellant filed a motion to suppress the codeine, discovered when police officers
searched appellant’s car after he had been stopped for a traffic violation. The trial
court conducted a hearing on the motion to suppress and denied the motion. After his
motion to suppress was denied, appellant entered into a plea bargain with the State,
agreeing to plead guilty in exchange for a reduced charge of second degree
possession of a controlled substance. After appellant entered his plea of guilty, the
trial court assessed punishment at nine years’ deferred adjudication and a fine of
$500.00. 
          Appellant now appeals the trial court’s denial of his motion to suppress,
claiming that the trial court erred because (1) the State did not demonstrate that
reasonable suspicion supported the underlying traffic stop, and (2) the State did not
demonstrate that appellant’s continued detention after the initial traffic stop, during
which appellant’s car was searched and the codeine was discovered, was supported
by reasonable suspicion. We affirm the judgment of the trial court.
Background
          Appellant contends that the trial court erred by denying his motion to suppress
evidence gathered as a result of a traffic stop and a search incident to that traffic stop. 
The primary witness at the suppression hearing was Texas State Trooper Andrew
Peavy, a four-year veteran who testified that his duties included enforcing traffic and
criminal laws in the area west of Houston where appellant was stopped and arrested. 
          Trooper Peavy’s testimony at the suppression hearing revealed that he observed
appellant driving a car westbound on Highway 290 outside of Houston and following
the vehicle in front of it too closely. Trooper Peavy’s marked police car was behind
appellant’s car, traveling in the same westerly direction. Trooper Peavy turned on his
emergency lights and pulled appellant over to the side of the highway. When
appellant brought his car to a stop, Trooper Peavy approached the passenger side
window of appellant’s car, and appellant rolled down the window. Trooper Peavy
testified that he detected a strong odor of marijuana when appellant rolled down the
car window, but he did not mention the smell to appellant. Trooper Peavy took
appellant’s driver’s license and returned to his patrol car to run a check on appellant’s
license and to write a warning ticket for the traffic violation that he had observed. 
          When he returned to appellant’s car, Trooper Peavy gave appellant the warning
ticket and he then requested that appellant get out of the car. Appellant got out of the
car and stood at the rear bumper. Trooper Peavy asked appellant for permission to
search his car, which appellant denied. Trooper Peavy called for backup and
continued speaking with appellant while waiting for more police officers to arrive. 
Trooper Peavy testified that, after he called for backup, appellant gave permission for
the car to be searched. When another State Trooper arrived, Trooper Peavy searched
appellant’s car and found a Styrofoam cup in the cup holder and two bottles under the
driver’s seat. One bottle contained liquid codeine, while the other contained liquid
codeine mixed with soda. Appellant was arrested while Trooper Peavy continued to
search the car in order to determine the source of the marijuana odor he detected
when appellant rolled down the passenger’s side window. When his search failed to
reveal the source of the odor, Trooper Peavy called for a canine unit.


 The search dog
arrived and alerted on the center console. Officers discovered 55 grams of marijuana
hidden in the console of the car. Discussion
          Appellant challenges the trial court’s denial of his motion to suppress the
codeine found during the search of his car by arguing that the trial court erred in
denying his motion because the State failed to establish both the validity of the initial
stop for a traffic violation and the validity of appellant’s continued detention after he
was issued a ticket for the traffic violation.
Standard of Review
          At a hearing on a motion to suppress, the trial court is the sole judge of the
weight and credibility of the evidence. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990). Thus, the trial court is free to believe any or all of a witness’s
testimony. Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). An
appellate court reviewing a trial court’s ruling on a motion to suppress must view the
record evidence and all reasonable inferences therefrom in the light most favorable
to the trial court’s ruling, and must sustain the trial court’s ruling if it is reasonably
supported by the record evidence and is correct under any theory of law applicable
to the case. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). We must
afford almost total deference to the trial court’s determination of the historical facts
that the record supports when the trial court’s findings are based on an evaluation of
credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). Likewise, we are to utilize the same deference in reviewing the trial court’s
ruling on mixed questions of law and fact when the resolution of the questions turns
on an evaluation of credibility and demeanor. Id. However, we review de novo
mixed questions of law and fact that do not fall within the preceding two categories. 
Id. We will independently review a trial court’s determination of reasonable
suspicion and probable cause, because this requires the application of law to facts. 
Guevara v. State, 6 S.W.3d 759, 762 (Tex. App.— Houston [1st Dist.] 1999, pet.
ref’d). We will, however, give great weight to certain inferences drawn by the trial
court. Id.      
Initial Stop
          In his first point of error, appellant argues that the trial court erred by denying
his motion to suppress because the State failed to establish that the stop was
reasonable. To justify an investigative stop, an officer must have specific articulable
facts which, in light of his experience and personal knowledge, together with
inferences from those facts, would reasonably warrant the intrusion. Davis v. State,
947 S.W.2d 240, 243 (Tex. Crim. App. 1997). The articulable facts used by the
officer must create some reasonable suspicion that some activity out of the ordinary
is occurring or has occurred, some suggestion to connect the detainee with the
unusual activity, and some indication the unusual activity is related to crime. Meeks
v. State, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983)
          Accordingly, the issue before us is whether the trial court erred by denying
appellant’s motion to suppress where the State was required to establish that Trooper
Peavy had at least reasonable suspicion to pull appellant over to the side of the
highway. Appellant argues that a bald assertion by Trooper Peavy that appellant was
following another car too closely, without more, is insufficient to meet the State’s
burden.
          When following another vehicle, a driver shall maintain an assured clear
distance between the two vehicles, “so that, considering the speed of the vehicles,
traffic and the conditions of the highway, the operator can safely stop. . . .” Tex.
Transp. Code Ann. § 545.062(a) (Vernon 2001). An officer is authorized to stop
a person who commits a traffic violation in the officer’s presence. McVickers v.
State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). In addition to Trooper Peavy’s
statement that appellant was following another car too closely, the trial court also
heard evidence regarding Trooper Peavy’s experience, training, and his duties of
enforcing traffic laws. Further, although appellant denied that he was following the
car in front of him too closely, at the suppression hearing he did admit that another
car moved into his lane suddenly, cutting in between his car and the car he had
originally been following. In light of all the evidence presented at the suppression
hearing, the trial court did not err by denying appellant’s motion to suppress on the
grounds that the initial stop for the traffic violation was invalid.


 Appellant’s first
point of error is overruled.
Continued Detention after Warning Issued
          In his second point of error, appellant argues that the trial court erred in
denying his motion to suppress because the State failed to establish the
reasonableness of appellant’s continued detention after Trooper Peavy issued
appellant a warning for the traffic violation. Appellant contends that, once Trooper
Peavy issued the warning for the traffic violation, the purpose of the initial traffic stop
was completed and his continued detention by Trooper Peavy was therefore
unreasonable. Once an officer concludes the investigation of the conduct that
initiated the stop, continued detention of a person is permitted only if there is
reasonable suspicion to believe another offense has been or is being committed. 
Davis, 947 S.W.2d at 244. Appellant’s continued detention was supported by
reasonable suspicion, due to the strong odor of marijuana that Trooper Peavy smelled
when appellant rolled down the passenger side window during the traffic stop. The
odor of marijuana alone provides reasonable suspicion of criminal activity sufficient
to justify a continued detention. Mohmed v. State, 977 S.W.2d 624, 628 (Tex.
App.—Fort Worth 1998, pet. ref’d). In fact, the odor of marijuana emanating from
a car is sufficient to constitute probable cause to search a detainee’s car or objects
within his car. See Isam v. State, 582 S.W.2d 441, 444 (Tex. Crim. App. 1979)
(holding that where an officer smelled the odor of marijuana as he approached the
vehicle, the arrest and search of the defendant were reasonable); Duff v. State, 546
S.W.2d 283, 286 (Tex. Crim. App. 1977) (holding that an officer executing a valid
stop and detecting the odor of marijuana coming from the defendant’s car was
justified in his search of the car). Accordingly, the trial court did not err in denying
appellant’s motion to suppress the codeine found in the search of his car on the
grounds that his continued detention after Trooper Peavy issued a warning for the
traffic violation was unreasonable. Appellant’s second point of error is overruled. 
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Price.



Do not publish. Tex. R. App. P. 47.2(b).