Opinion issued October 9, 2003.




     







In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00643-CR




MATTHEW FORD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th Criminal District Court
Harris County, Texas
Trial Court Cause No. 886798




MEMORANDUM OPINION ON REHEARING

          We withdraw our opinion of March 27, 2003 and issue the following in its
stead. Appellant’s motion for rehearing is denied.
           Appellant, Matthew Ford, was charged with the felony offense of possession
of a controlled substance, codeine, weighing at least 400 grams. Before trial,
appellant filed a motion to suppress the codeine which was discovered when police
officers searched appellant’s car after he had been stopped for a traffic violation. The
trial court conducted a hearing on the motion to suppress and denied the motion. 
After his motion to suppress was denied, appellant entered into a plea bargain with
the State, agreeing to plead guilty in exchange for a reduced charge of second degree
possession of a controlled substance. After appellant entered his plea of guilty, the
trial court assessed punishment at nine years’ deferred adjudication and a fine of
$500. 
          Appellant appeals the trial court’s denial of his motion to suppress, claiming
that the trial court erred because (1) the State did not demonstrate the validity of the
underlying traffic stop and (2) the State did not demonstrate that appellant’s
continued detention after the initial traffic stop, during which appellant’s car was
searched and the codeine was discovered, was supported by reasonable suspicion. 
We affirm the judgment of the trial court.
Background
          Appellant contends that the trial court erred when it denied his motion to
suppress evidence gathered as a result of a traffic stop and a search incident to that
traffic stop. The primary witness at the suppression hearing was Texas State Trooper
Andrew Peavy, a four-year veteran who testified that his duties included enforcing
traffic and criminal laws in the area west of Houston where appellant was stopped and
arrested. Trooper Peavy’s testimony at the suppression hearing revealed that he
observed appellant driving a car westbound on Highway 290 outside of Houston and
following the vehicle in front of it too closely. Trooper Peavy’s marked police car
was behind appellant’s car, traveling in the same westerly direction. Trooper Peavy
turned on his emergency lights and pulled appellant over to the side of the highway. 
When appellant stopped his car, Trooper Peavy approached the passenger side
window of appellant’s car, and appellant rolled down the window. Trooper Peavy
testified that he detected a strong odor of marijuana when appellant rolled down the
car window, but he did not mention the smell to appellant. Trooper Peavy took
appellant’s driver’s license and returned to his patrol car to run a check on appellant’s
license and to write a warning ticket for the traffic violation that he had observed. 
          When he returned to appellant’s car, Trooper Peavy gave appellant the warning
ticket and he then requested that appellant get out of the car. Appellant got out of the
car and stood at the rear bumper. Trooper Peavy asked appellant for permission to
search his car, which appellant denied. Trooper Peavy called for backup and
continued speaking with appellant while waiting for more police officers to arrive. 
Trooper Peavy testified that, after he called for backup, appellant gave permission for
the car to be searched. When another State Trooper arrived, Trooper Peavy searched
appellant’s car and found a Styrofoam cup in the cup holder and two bottles under the
driver’s seat. One bottle contained liquid codeine, while the other contained liquid
codeine mixed with soda. Appellant was arrested while Trooper Peavy continued to
search the car in order to determine the source of the marijuana odor he detected
when appellant rolled down the passenger’s side window. When his search failed to
reveal the source of the odor, Trooper Peavy called for a canine unit.


 The search dog
arrived and alerted on the center console. Officers discovered 55 grams of marijuana
hidden in the console of the car. Discussion
          Appellant challenges the trial court’s denial of his motion to suppress the
codeine found during the search of his car by arguing that the trial court erred in
denying his motion because the State failed to establish both the validity of the initial
stop for a traffic violation and the validity of appellant’s continued detention after he
was issued a ticket for the traffic violation.
Standard of Review
          At a hearing on a motion to suppress, the trial court is the sole judge of the
weight and credibility of the evidence. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990). Thus, the trial court is free to believe any or all of a witness’s
testimony. Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). An
appellate court reviewing a trial court’s ruling on a motion to suppress must view the
record evidence and all reasonable inferences therefrom in the light most favorable
to the trial court’s ruling and must sustain the trial court’s ruling if it is reasonably
supported by the record evidence and is correct under any theory of law applicable
to the case. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). We must
afford almost total deference to the trial court’s determination of the historical facts
that the record supports when the trial court’s findings are based on an evaluation of
credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). Likewise, we are to utilize the same deference in reviewing the trial court’s
ruling on mixed questions of law and fact when the resolution of the questions turns
on an evaluation of credibility and demeanor. Id. However, we review de novo
mixed questions of law and fact that do not fall within the preceding two categories. 
Id. We will independently review a trial court’s determination of reasonable
suspicion and probable cause, because this requires the application of law to facts. 
Guevara v. State, 6 S.W.3d 759, 762 (Tex. App.— Houston [1st Dist.] 1999, pet.
ref’d). We will, however, give great weight to certain inferences drawn by the trial
court. Id.      
Initial Stop
          In point of error one, appellant argues that the trial court erred when it denied
his motion to suppress because the State failed to establish that the detention was
reasonable. 
          Appellant was initially detained for failure to maintain a proper following
distance. When following another vehicle, a driver shall “maintain an assured clear
distance between the two vehicles so that, considering the speed of the vehicles,
traffic and the conditions of the highway, the operator can safely stop without
colliding with the preceding vehicle or veering into another vehicle, object, or person
on or near the highway.” Tex. Transp. Code Ann. § 545.062(a) (Vernon 1999). 
          In order to show a violation of section 545.062(a) , no “specific result” need
occur. U.S. v. Inocencio, 40 F.3d 716, 728 (5th Cir. 1994). That is, there are no
stautory requirements detailing the precise distance at which cars are to follow one
another. Instead, a driver’s failure to maintain “an assured clear distance,” taking into
consideration a number of factors, is all that is necessary for a violation of the statute.
Id.
          On appeal, appellant cites numerous cases which purport to show that the facts
testified to by Trooper Peavy were insufficient to warrant his initial detention for
violating section 545.062(a). See, e.g., Richardson v. State, 39 S.W.3d 634, 639-40
(Tex. App.—Amarillo 2000, no pet.); Aviles v. State, 23 S.W.3d 74, 77-78 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d); Trahan v. State, 16 S.W.3d 146, 147
(Tex. App.—Beaumont 2000, no pet.). These cases can be distinguished from the
case at hand because they concern the State’s failure to establish that a crucial
element of the applicable statutes was violated.


 Here, the State was required only to
show that, “considering the speed of the vehicles, traffic and the conditions of the
highway,” appellant was following too closely to the car in front of him to be able to
stop safely.
          Appellant further points us to other “following distance” cases that use trial
testimony regarding the specific distance between cars to determine whether cars
were indeed following too closely as indicative of a need for similar facts in this case. 
See Nelson v. State, 827 S.W.2d 52, 53-54 (Tex. App.—Houston [1st Dist.] 1992, no
pet.); Touchstone v. State, 2002 WL 122860 (Tex. App.—Tyler 2002, pet. ref’d); U.
S. v. Inocencio, 40 F.3d 716 (5th Cir. 1994). Although such specifics may be helpful
to a trier of fact, these cases do not stand for the proposition that such details are
required before a violation of the statute in question, section 545.062(a), is
established.
          It is well settled that an officer is authorized to stop a person who commits a
traffic violation in the officer’s presence. Tex. Transp. Code Ann. § 543.001
(Vernon 1999). The trial court heard evidence regarding Trooper Peavy’s experience,
training, and his duties of enforcing traffic laws. Trooper Peavy testified that he saw
appellant following another car at a distance that Peavy believed was insufficient and,
thus, in violation of the statute. As a peace officer employed by the Department of
Public Safety, Trooper Peavy’s experience and training qualified him to make a
judgment on whether, “considering the speed of the vehicles, traffic and the
conditions of the highway,” appellant was following the car in front of him too
closely. § 545.062(a). It is the trial court’s prerogative to believe the officer’s
version of the facts and to disbelieve the defendant’s version. See Stephenson v.
State, 494 S.W.2d 900, 904 (Tex. Crim. App. 1973); Pena v. State, 904 S.W.2d 850,
852 (Tex. App.—Houston [1st Dist.] 1995, no pet.). Other than appellant’s testimony
asserting that he had not been following the car in front of him too closely, Trooper
Peavy’s determination that appellant had violated section 545.062(a) by failing to
maintain an assured clear distance between vehicles went unchallenged at the
suppression hearing. On cross-examination, appellant made no effort to contradict
Trooper Peavy’s assessment that appellant had been following the car in front of him
too closely and that he had failed to maintain an assured clear distance between his
car and other cars on the road. Appellant did not press Trooper Peavy on what factors
might have led Peavy to make the determination that appellant was following too
closely, nor did appellant attempt to discredit Peavy’s expertise or qualifications to
make such a determination. Further, although appellant originally denied that he was
following the car in front of him too closely, he did admit that another car moved into
his lane and “squeezed” in between his car and the car he had originally been
following. In light of all the evidence presented at the suppression hearing, the trial
court did not err when it denied appellant’s motion to suppress on the grounds that
the initial stop for the traffic violation was invalid. 
          We overrule point of error one.
Continued Detention after Warning Issued
          In point of error two, appellant argues that the trial court erred in denying his
motion to suppress because the State failed to establish the reasonableness of
appellant’s continued detention after Trooper Peavy issued appellant a warning for
the traffic violation. Appellant contends that, once Trooper Peavy issued the warning
for the traffic violation, the purpose of the initial traffic stop was completed and his
continued detention was therefore unreasonable. Once an officer concludes the
investigation of the conduct that initiated the stop, continued detention of a person
is permitted only if there is reasonable suspicion to believe another offense has been
or is being committed. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). 
          Appellant’s continued detention was supported by reasonable suspicion, due
to the strong odor of marijuana that Trooper Peavy smelled when appellant rolled
down the passenger side window during the traffic stop. The odor of marijuana alone
provides reasonable suspicion of criminal activity sufficient to justify a continued
detention. Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet.
ref’d). In fact, the odor of marijuana emanating from a car is sufficient to constitute
probable cause to search a detainee’s car or objects within his car. See Isam v. State,
582 S.W.2d 441, 444 (Tex. Crim. App. 1979) (holding that, where an officer smelled
the odor of marijuana as he approached the vehicle, the arrest and search of the
defendant were reasonable); Duff v. State, 546 S.W.2d 283, 286 (Tex. Crim. App.
1977) (holding that an officer executing a valid stop and detecting the odor of
marijuana coming from the defendant’s car was justified in his search of the car). 
Accordingly, the trial court did not err in denying appellant’s motion to suppress the
codeine found in the search of his car. 
          We overrule point of error two. 
Conclusion
          We affirm the judgment of the trial court. All pending motions are denied.

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Price.



Do not publish. Tex. R. App. P. 47.2(b).