In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-574 CR


____________________



WESLEY EARL BURCH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 16,980






OPINION


 A jury convicted appellant of Possession of Controlled Substance (cocaine), with
an aggregate weight, including adulterants or dilutants, of four grams or more but less than
200 grams. Tex. Health & Safety Code Ann. § 481.115(a), (d) (Vernon 2003). 
Enhancement allegations included in the indictment raised appellant's punishment exposure
to that of an habitual offender. The trial court assessed punishment at fifty years'
confinement in the Texas Department of Criminal Justice - Correctional Institutions
Division. A single appellate issue is presented for our consideration: "The trial court erred
in denying appellant's motion to suppress evidence based on illegal search and seizure in
that the contraband was seized as a result of an illegal arrest and unreasonable search and
seizure without warrant and without probable cause in violation of the Fourth Amendment
of the United States Constitution." 

 Initially, we note that the record does not contain a written motion to suppress the
controlled substance in question. Nevertheless, a pretrial suppression hearing was held and
concluded with the trial court denying appellant's "motion to suppress." At the pretrial
hearing, appellant voiced the following objections to the admissibility of the contraband:

 [Trial Counsel]: Mr. - - Mr. Burch was clearly detained unlawfully
at the time that the items were demanded. He produced them only in
response to a show of authority. And we would ask the Court to suppress
the seizure of the drugs in the medicine bottles as an unlawful seizure by Mr.
Bogany.


 . . . .


 [Trial Counsel]: Yes, Your Honor. The - - at the most, the officer
had, I think, the basis to do a Terry frisk if he needed to detain Mr. Burch. 
That would not include grabbing the bottle in his hand and the looking in it
because, according to the officer's testimony, there was nothing inherent or
suspicious about the towel or the bottle or the rattling. . . . And I believe
that this seizure was therefore a fortuitous one and not according to law. I
ask that it be suppressed. 


 The trial began a little over two months later. As in the pretrial suppression
hearing, the lone fact-witness who testified about the events surrounding the discovery of
the cocaine in question was Officer Ronnie Bogany of the City of Livingston Police
Department. Appellant did not testify in either the pretrial suppression hearing or at trial
on the merits. (1)

 We review a trial court's ruling on a motion to suppress evidence for an abuse of
discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). In this
review, we give almost total deference to the trial court's determination of historical facts
and review the court's application of search and seizure law de novo. Guzman v. State,
955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). In the instant case, the trial court did not
make explicit findings of historical facts, so we review the evidence in a light most
favorable to the trial court's ruling and assume that the trial court made implicit findings
of fact supported in the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim.
App. 2000). 

 We have before us testimony from both the pretrial suppression hearing and from
the trial itself regarding the events surrounding the discovery and confiscation of the
cocaine and appellant's arrest. The general rule is that the reviewing court considers only
evidence presented at the hearing on a motion to suppress and does not resort to testimony
subsequently elicited at the trial because the trial court's ruling was based only on the
hearing testimony. Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996);
Hardesty v. State, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984). But when the issue
is consensually re-litigated by the parties at trial, consideration of the trial evidence is
appropriate. Rachal, 917 S.W.2d at 809; Hardesty, 667 S.W.2d at 133 n.6. As appellant
implicitly invites us to do so, we will synthesize the facts from both proceedings heard by
the trial court in the light most favorable to the ruling.

 Officer Ronnie Bogany of the Livingston Police Department testified that on July
21, 2002, a woman, F.L., came to the Livingston Police Department office and reported
that appellant had sexually assaulted her fourteen-year-old daughter. Both F.L. and
Officer Bogany then separately attempted to locate appellant. Officer Bogany was familiar
with appellant and had known him for quite a few years prior to the events of July 21,
2002. Bogany was interested in questioning appellant concerning the allegations made by
F.L. Eventually, Officer Bogany did locate appellant on Preston Street in an area known
to Officer Bogany for drug activity. 

 Officer Bogany first spotted appellant in the middle of Preston Street, a public
street, between the hours of 10 p.m. and 11 p.m. At that location, Officer Bogany
observed appellant talking with F.L. and F.L.'s husband in the middle of the street, and
appellant appeared to have a white bath towel wrapped around his left hand. Bogany
further observed the conversation between appellant and F.L. to become very heated and
confrontational with appellant waving and flailing his arms and hands up in the air. 
Officer Bogany became concerned because appellant had become angry during the
conversation with F.L. and Bogany did not know what, if anything, appellant possibly had
in his hand that was concealed by the towel. As Bogany continued to observe the
conversation between appellant and F.L., Bogany could hear "something rattling" inside
the towel covering appellant's left hand. Shortly thereafter, F.L. apparently blurted out
that appellant had "crack cocaine" on his person. 

 At that point, Officer Bogany, based upon his training and experience, had a
suspicion that appellant may have been in possession of illegal drugs, and intended to
detain appellant to investigate the situation. Also, based upon Bogany's training and
experience as a police officer, he was aware that crack cocaine was rock-like in form and
was typically carried in small bottles like aspirin bottles, which would account for the
rattling sounds. Furthermore, Bogany knew appellant, had dealt with appellant "many
times," and that evening was not the first time Bogany had dealt with appellant in
connection with drugs. At that point, Officer Bogany had intended to detain appellant to
discuss the sexual assault allegations as well as the crack cocaine allegation made by F.L. 
As Officer Bogany asked appellant what he had in the towel, appellant attempted to flee
on foot. Officer Bogany managed to grab appellant before appellant was able to fully
escape and a struggle ensued. Officer Bogany held appellant by the shirt and also called
for a backup unit to be sent to the scene. Shortly thereafter, appellant stopped struggling
and voluntarily turned over what he had in his possession which was hidden by the towel.
Inside the towel, appellant was holding two small bottles which looked like "Tylenol"
bottles. One bottle contained thirteen "off-colored-looking rocks," and the other bottle
contained eighteen similar looking rocks, and all the rocks appeared to Bogany to be crack
cocaine. It was only at this point that Officer Bogany placed appellant under arrest. 

 Appellant contends that the cocaine was seized from appellant following what
amounted to an illegal warrantless arrest. Appellant further argues that even if Bogany had
reasonable suspicion and was permitted a "Terry frisk," the seizure of the cocaine was
entirely outside the scope of a Terry protective search for weapons. While citing to a
number of seminal cases on the law of search and seizure, appellant fails to fully
appreciate the "totality of the circumstances" the trial court had before it when it overruled
appellant's suppression request. 

 A police officer may approach a citizen without probable cause or reasonable
suspicion to ask questions or even to request a search. Florida v. Royer, 460 U.S. 491,
497-98, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), Johnson v. State, 912 S.W.2d 227, 235
(Tex. Crim. App. 1995). Therefore, the "encounter" by which Officer Bogany stood and
observed the argument between appellant and F.L. was not unlawful at its initiation. An
"encounter" may ripen into an investigative detention, or "Terry stop," however, when
the officer forms a reasonable suspicion to believe that an individual is involved in criminal
activity. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). While
"reasonable suspicion" is a less demanding standard than probable cause and requires a
showing considerably less than preponderance of the evidence, the Fourth Amendment
requires at least a minimal level of objective justification for making the detention. See
United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). The
officer must be able to articulate more than an "inchoate and unparticularized suspicion or
'hunch'" of criminal activity. Terry, 392 U.S. at 27, 88 S.Ct. 1868, 20 L.Ed.2d 889. 

 In the instant case, Officer Bogany articulated suspicions about appellant from both
personal observations and from information provided to Bogany by F.L. Generally, when
information alleged to support reasonable suspicion comes from a totally anonymous
source, something more than the anonymous tip is required to provide the reasonable
suspicion necessary to make a valid detention. See Guevara v. State, 6 S.W.3d 759, 763
(Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). Relying on information received from
an informant is acceptable if the informant's statement is reasonably corroborated by other
matters within the officer's knowledge. Id. F.L.'s "tip" that appellant was in possession
of crack cocaine was made more reliable by Officer Bogany personally hearing the rattling
sounds coming from inside appellant's towel-covered left hand as appellant excitedly
gestured during the confrontation with F.L. See Florida v. J.L., 529 U.S. 266, 270-72,
120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (Suitably corroborated, an anonymous tip may
exhibit sufficient indicia of reliability in its assertion of illegal activity to provide
reasonable suspicion to make an investigatory stop.). In addition, appellant's attempted
flight in the face of F.L.'s cocaine-possession accusation not only provided further
independent corroboration of the reliability of said accusation, but also provided Officer
Bogany with justification for detaining appellant in itself, also considering the particular
facts and circumstances present at that moment. As noted in Illinois v. Wardlow, 528 U.S.
119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000):

 Our cases have also recognized that nervous, evasive behavior is a pertinent
factor in determining reasonable suspicion. Headlong flight - - wherever it
occurs - - is the consummate act of evasion: It is not necessarily indicative
of wrongdoing, but it is certainly suggestive of such. In reviewing the
propriety of an officer's conduct, courts do not have available empirical
studies dealing with inferences drawn from suspicious behavior, and we
cannot reasonably demand scientific certainty from judges or law
enforcement officers where none exists. Thus, the determination of
reasonable suspicion must be based on commonsense judgments and
inferences about human behavior. 


Id. at 124-25, 120 S.Ct. 673, 145 L.Ed.2d at 576-77. (internal citations omitted)


 In the instant case, the evidence indicates that Officer Bogany had reasonable
suspicion to detain appellant initially to question him regarding the sexual assault
allegations made by F.L. Bogany was familiar with appellant and had dealt with him
before concerning other criminal conduct involving drugs. Bogany was also suspicious
with regard to appellant's left hand being wrapped in a bath towel and the rattling sounds
being made when appellant raised and lowered his arm during his animated conversation
with F.L. in the middle of the street, at night, in a place where drugs are sold. When F.L.
then verbally accused appellant of being in possession of crack cocaine, events moved very
quickly with appellant attempting to flee the scene and Officer Bogany reacting by
grabbing him in order to investigate this apparent "tip" from F.L. All of this certainly
provided Officer Bogany with "reasonable suspicion" to detain appellant so as to find out
what he was concealing under the towel wrapped around his left hand. There was no
arrest at that point. And until appellant decided to stop his attempted flight and submit to
Officer Bogany's authority, no Terry frisk could take place for weapons. When appellant
did end his attempt to flee, he simultaneously admitted his possession of the cocaine and
voluntarily surrendered the contraband to Officer Bogany. Only at that point was an arrest
made of appellant for the offense of possession of a controlled substance. See Tex. Code
Crim. Proc. Ann. art. 14.01 (Vernon 1977) (permitting warrantless arrest when offense
committed in officer's presence or within his view). Under the facts and circumstances
contained in the record before us, we cannot say the trial court abused its discretion in
denying the request for suppression by appellant of the contraband in question. There was
no illegal arrest of appellant nor was there an unreasonable seizure of the contraband in
violation of the Fourth Amendment. Appellant's issue is overruled. The judgment of the
trial court is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on August 24, 2004

Opinion Delivered August 31, 2004

Do Not Publish 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Actually, the record reflects that appellant was present during the voir dire and
selection of the jury but he failed to appear four days later when the trial reconvened. The
trial court found that appellant voluntarily absented himself, and then proceeded with the
trial as permitted under Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 1989) ("[W]hen
the defendant voluntarily absents himself . . . after the jury has been selected . . . the trial
may proceed to its conclusion.").