Opinion issued June 16, 2005





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00274-CR




CHARLES RAY HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 839355




MEMORANDUM OPINION

          After the trial court denied his motion to suppress evidence, appellant, Charles
Ray Harris, pleaded guilty to possession of a controlled substance, namely heroin,
weighing more than four grams and less than 200 grams. Pursuant to a plea
agreement with the State, appellant pleaded true to two enhancement paragraphs and
the trial court sentenced him to 35-years’ confinement. In his sole point of error,
appellant contends the trial court erred in denying his motion to suppress the evidence
obtained as result of an illegal detention. We affirm.
Background
          On March 17, 2000, an agent from the Drug Enforcement Agency (D.E.A.)
contacted Officer Bradley with the Houston Police Department Narcotics Division. 
The D.E.A. agent told the officer that a black male with a handicap, named Charles
Harris, would be driving a red pickup truck with striping on the sides on March 17,
2000, at approximately 3:00 p.m. in the area of State Highway 288 and the Sam
Houston Tollway. The D.E.A. agent said appellant would be transporting heroin in
the pickup truck. Bradley contacted Officer Barnes, a uniformed patrolman to help
conduct surveillance. Bradley relayed the D.E.A. agent’s information to Barnes. 
          Around 2:00 p.m., Barnes and Bradley, with Bradley’s partner Officer Pena,
conducted surveillance around the Sam Houston Tollway and State Highway 288
area. Around 3:25 p.m., Bradley and Pena saw a red pickup truck with striping on the
side driven by a black male going down the Sam Houston Parkway from State
Highway 288. They radioed Barnes and told him to pull the truck over once it had
passed through the toll booth. 
          After the truck went through the toll booth, Barnes turned on his lights and
siren and stopped the truck. In full uniform, Barnes approached the truck and asked
the driver, appellant, for his driver’s license and proof of insurance. Barnes also
noticed a woman in the truck. Appellant identified himself and gave Barnes the
requested information, Barnes could see that appellant’s leg was disabled. Barnes
asked appellant if he would sign a consent form so the truck could be searched. After
Barnes read appellant the written consent form, appellant signed it. Barnes then
radioed Bradley and Pena and told them he had appellant’s written consent to search
the car.
          Bradley and Pena drove their unmarked car to appellant’s location. Bradley
told appellant he was a narcotics officer and was conducting a narcotics investigation. 
Bradley then asked appellant if there was anything in the truck that he should know
about. Appellant said ‘yes’ and pointed to a bag behind the seat. Bradley removed
the bag, opened it, and saw plastic bags containing a powder and tar substance. Upon
searching the truck further, Pena found another bag in the truck containing the same
type of substance. After conducting a field test, which confirmed the substances
were illegal drugs, Bradley read appellant his rights and arrested him.
          At trial, appellant filed a motion to suppress the evidence obtained from the
stop. The trial court denied the motion. This appeal arises from that denial.
Discussion
          In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress evidence because the police officers did not have reasonable
suspicion to stop his truck. Appellant contends that the officers’ articulable facts are
neither sufficiently specific to justify the stop, nor are the facts sufficient to connect
appellant to criminal activity. 
          Standard of Review
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Id. We review de novo the trial
court’s application of the law of search and seizure and probable cause. State v. Ross,
32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Wilson v. State, 98 S.W.3d 265, 271
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). 
           Reasonable Suspicion
          Police officers must have reasonable suspicion, based on specific articulable
facts, taken together with rational inferences from those facts and the officer’s
experience and general knowledge, before the officer can conduct an investigative
stop. Carmouche, 10 S.W.3d at 328; Zone v. State, 84 S.W.3d 733, 738 (Tex.
App.—Houston [1st Dist.] 2002), aff’d, 118 S.W.3d 776 (Tex. Crim. App. 2003). 
We look to the totality of the circumstances to determine the reasonableness of the
stop. Zone, 84 S.W.3d at 737. We also look to the facts available to the officer at the
moment of the stop to determine whether the officer had reasonable suspicion to
conduct the stop. Id. at 737–38 (citing Davis v. State, 947 S.W.2d 240, 243 (Tex.
Crim. App. 1997)). 
          The officer does not have to personally observe the information that gives rise
to reasonable suspicion. Carmouche, 10 S.W.3d at 328. Instead, an informant’s tip
which bears sufficient “indicia of reliability” may form the basis of the officer’s
reasonable suspicion. Id. Such indicia can include, for example, that (1) the
informant was known to the officer personally, (2) the informant had provided the
officer with information in the past, and (3) the informant may be subject to arrest for
making a false complaint if the officer’s investigation proves the tip incorrect. 
Carmouche, 10 S.W.3d at 328 n.5 (citing Adams v. Williams, 407 U.S. 143, 146–47,
92 S. Ct. 1921, 1923–24 (1972)). Reasonable suspicion may be based on the
reasonable suspicion of another officer and then transferred to the officer conducting
the stop. Willhite v. State, 937 S.W.2d 604, 606–07 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d); see Pyles v. State, 755 S.W.2d 98, 109 (Tex. Crim. App. 1988). 
          An officer may rely on a tip if the information is reasonably corroborated by
other matters within the officer’s knowledge. Guevara v. State, 6 S.W.3d 759, 763
(Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (citing Illinois v. Gates, 462 U.S.
213, 242, 103 S. Ct. 2317 (1987)). Corroboration of easily ascertainable facts, such
as a person’s observable location or appearance, standing alone, will not establish
reasonable suspicion. See id. However, predicting a person’s future behavior of
arriving in a specific location, at a specific time, and driving a specific vehicle, shows
a special familiarity with the person’s affairs that provides a degree of reliability to
the allegation that the person was engaged in criminal activity and, thus, corroborates
the tip. Id. at 763–64; see Dowler v. State, 44 S.W.3d 666, 670 (Tex. App.—Austin
2001, pet. ref’d) (stating “even innocent acts can give rise to reasonable suspicion
under the proper circumstances”).
          Here, the tip came from an officer from another law enforcement agency. The
D.E.A. agent provided Bradley with information describing a vehicle with specific
markings, traveling at a specific time on a specific day, and driven specifically by a
black male. The D.E.A. agent’s information demonstrates a familiarity with
appellant’s affairs. The reliability of the information was corroborated by appellant
arriving at the exact location described under specific factual circumstances. 
Sufficient indicia of reliability of both the information and the informant were
demonstrated to justify the investigatory stop. See Carmouche, 10 S.W.3d at 328;
Guevara, 6 S.W.3d at 763–64.
          We overrule appellant’s sole point of error.
 
 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).