The STATE of Texas, Appellant,

v.

Michelle Gilliam PHILLIPS, Appellee.

No. 07–88–0035–CR.

Court of Appeals of Texas,
Amarillo.

June 7, 1988.

Bill Baumann, Co. Atty., David G. Kemp, Ass't Co. Atty., Amarillo, for appellant.

Jeff Blackburn, Amarillo, for appellee.

Before REYNOLDS, C.J., and
DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Appellee Michelle Gilliam Phillips was charged in County Court at Law No. 1 of Potter County with possession of not more than two ounces of marihuana. Tex.Rev. Civ.Stat.Ann. art. 4476–15a (Vernon Supp. 1988). She filed a motion to suppress the evidence and, after a hearing, the court granted the motion. The State appeals, contending the search of appellee's purse was reasonable under the facts and circumstances. We affirm.

Appellee was a passenger in a car being driven by her companion Geoffrey L. Tozer. They were a few miles west of Amarillo on Interstate Highway 40, en route to California, when two Texas Department of Public Safety officers, Wayne Williams and Mike Moser, stopped them for speeding. After the stop, Moser visited with Tozer outside the car while Williams walked around the vehicle and visually inspected it.

As Williams looked into the car he saw a seed on the floor mat on the driver's side. He retrieved the seed, concluded it was a marihuana seed,[1] and signaled his find to his partner. The officers then asked for and received permission from Tozer to search the car. After giving permission, Tozer leaned inside the car to get the keys to open the trunk. As he did so, Williams heard him tell appellee in a low voice, "They're going to search the car."[2]

Williams then saw appellee make a gesture that he interpreted as reaching under the car seat on her side of the car and putting something in her purse. He saw the gesture but did not see any item or object. Williams then took appellee's purse from her, searched it, and found a small bag of marihuana. Appellee and Tozer were arrested, and she was charged with possession of not more than two ounces of marihuana.

Appellee filed a motion to suppress the evidence obtained by the search of her purse, relying on various constitutional and statutory provisions. After a hearing, the trial court granted the motion to suppress, concluding that the seed, the comment by Tozer, and the gesture by appellee did not establish probable cause to search appellee's purse.

The State has appealed in accordance with the limited right of appeal recently given to it by Article 5, section 26 of the Texas Constitution and article 44.01 of the Texas Code of Criminal Procedure. It contends by one point of error that the search of appellee's purse was reasonable under the facts and circumstances of the case.

At the outset, it is important to identify the parameters within which this case is to be decided. The State does not rely on Tozer's consent as authority to search appellee's purse. Rather, it relies on three events that, it says, established probable cause for the search or were exigent circumstances sufficient to justify the search: (1) the finding of the marihuana seed on the driver's side; (2) the statement from Tozer to appellee that "they're going to search the car"; and (3) the gesture toward her purse by appellee. We also note that there is no evidence Williams and Moser perceived any danger from appellee or Tozer. They were described as being cooperative and with a good attitude, i.e., according to Williams, "a very unhostile situation." Thus, our sole inquiry is whether the enumerated events gave the State probable cause to seize and search appellee's purse without a warrant, or were exigent circumstances justifying the search.

The Fourth Amendment of the United States Constitution and Article 1, section 9 of the Texas Constitution ban "unreason-

---

1. In his testimony, Williams stated often and unequivocally that the seed was marihuana, although the seed was not produced at trial. Nor was it analyzed by the D.P.S. laboratory, apparently because lab personnel have instructed troopers to refrain from submitting seeds for analysis. At trial, Williams was unable to identify marihuana seeds that were mixed with several other seeds.

2. Williams testified that he decided at that point that "something's not right."

able searches or seizures" and require probable cause for issuance of a search warrant. If evidence is seized in an unreasonable search or seizure, or otherwise in violation of the state or federal constitutions or laws, it cannot be "admitted into evidence against the accused on the trial of any criminal case." Tex.Code Crim.Proc. Ann. art. 38.23 (Vernon Supp.1988).

■■■ A warrantless search is, per se, unreasonable, unless it comes within one of the court-created exceptions to the constitutional provisions. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).[3] One of those exceptions is built around vehicles, because of their mobility, and is applicable when an officer has probable cause to believe the vehicle contains contraband. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Once there is probable cause for that belief, the vehicle and every container in it that might conceal the perceived contraband can be searched without a warrant. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The standard of review in analyzing probable cause is reasonableness. M. Teague, 1 Tex.Crim.Prac. Guide, § 32.01 (1986).

■■■ However, an officer must focus on specific persons and events when conducting a warrantless vehicle search. For instance, a person in a suspected car cannot be searched merely because another in the car is suspected of criminal activity, *United States v. DiRe*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *Lippert v. State*, 653 S.W.2d 460, 462 (Tex.App.—Corpus Christi 1982, pet. granted), nor can the patrons of a tavern be searched under a warrant to search the premises and the bartender. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979).

■■■ In this case, the State suggests that probable cause to search appellee's purse can be derived from the marihuana seed found on the driver's side floor mat of the car. We conclude, however, that it cannot.

We will assume, for this case only, that a single seed found in the driver's area of the car and represented to be marihuana, but never produced or analyzed, can create probable cause to search a vehicle. We do not believe, however, that it alone can create probable cause to search the purse of a passenger in the vehicle.

The remaining question, then, is whether the comment of Tozer and the gesture of appellee, when added to the seed, establish probable cause.

Texas cases generally agree that an ambiguous furtive gesture is insufficient to establish probable cause. For instance, in *Wilson v. State*, 511 S.W.2d 531, 534 (Tex. Crim.App.1974), there was no probable cause where officers observed defendant make "a move with his right hand between the two seats" of the vehicle. In *Beck v. State*, 547 S.W.2d 266 (Tex.Crim.App.1976), there was no probable cause where the gesture observed by the officers was a movement by the defendant toward the glove compartment of his truck. In *Brown v. State*, 481 S.W.2d 106 (Tex.Crim.App. 1972), there was no probable cause where the occupants in the back seat of the automobile moved their shoulders before the car was brought to a stop. In each instance, no specific object was seen and the gesture was too ambiguous to reasonably indicate criminal conduct. The reasoning applicable in the gesture cases can also be applied to other occurrences, such as Tozer's comment to appellee that they were going to search the car: Ambiguous or innocent gestures or comments do not normally justify a warrantless search.

■■■ When we apply the reasoning and result of the cited cases, we remain unconvinced that probable cause existed. We have an ambiguous gesture that Williams admitted could easily have indicated that appellee was reaching for a brush, comb, compact, scarf, "or anything," as she exited the car in order to allow the officers to search it. Then, we have a comment by Tozer that is the only logical comment any

---

**3.** Because the pertinent constitutional language is almost the same in both constitutions, we consider U.S. and Texas cases equally helpful, and applicable, in deciding the issues in this case.

person, innocent or guilty, would make under the same circumstances: "They are going to search the car."

We conclude, therefore, that the three events, whether considered individually or collectively, are insufficient to demonstrate probable cause to search appellee's purse.

 The State also suggests that the "exigent circumstances" exception is applicable. However, the events in question are no more supportive of that exception than of the previous one. They do not suggest the kind of emergency or imperative public necessity that is contemplated by the exception. *See generally,* cases discussed in M. Teague, 1 Tex.Crim.Prac. Guide § 32.07 (1986).

Therefore, the warrantless search of appellee's purse was not supported by probable cause nor justified by exigent circumstances, and the trial court correctly suppressed the evidence seized by the search. Point of error one is overruled.

The order of suppression is affirmed.